UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON VEST, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-924-RLM-MGG |
| TONY GARCIA, et al., | |
| Defendants. | |

OPINION AND ORDER

Brandon Vest, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Vest alleges that he was released from segregation at Westville Correctional Facility on March 27, 2020. Officer Tony Garcia came to escort him to his new cell. Mr. Vest asked Officer Garcia if he was returning to the protective custody unit in "Dorm 1." Officer Garcia replied, "No, G.S.C. side 10 dorm." Mr. Vest complained that he needed to be placed in protective custody and was "in fear for [his] life." Officer Garcia allegedly responded by yanking him out of the

cell and slamming him face first onto the concrete floor while he was handcuffed, causing him to strike and injure his knee. Mr. Vest was then physically dragged to his cell in Dorm 10. Mr. Vest met with his counselor, Amber Vckov, a few days later to complain about the incident. He told her he wanted to be placed back in Dorm 1 and that he hadn't signed a protective custody waiver. He claims he was still in Dorm 10 as of the filing of the complaint in October 2020.

Mr. Vest first asserts an excessive force claim against Officer Garcia. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. Giving Mr. Vest the inferences to which he is entitled at this stage, he alleges that Officer Garcia used more force than was necessary in moving him to his new cell, thereby causing him injury. He has alleged enough to proceed further against this defendant.

Mr. Vest also appears to assert a claim related to the denial of his request for protective custody. He sues Ms. VcKov, as well as T. Cornett, an internal affairs investigator, and Ken Watts, the "director" of the unit in Dorm 10 where Mr. Vest is currently housed. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence in certain circumstance. Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). But

"prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* (citation omitted). Therefore, a failure-to-protect claim can't be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Additionally, "the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." Lewis v. Richards, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010). Merely telling a defendant that the inmate is "afraid for his life" or "want[s] to be transferred" is insufficient to give the defendant actual notice of an impending harm. Klebanowski v. Sheahan, 540 F.3d 633, 639-640 (7th Cir. 2008).

Mr. Vest's complaint doesn't explain why Mr. Vest needed protective custody in March 2020 or describe any specific threats to his safety. Nor does he describe any threatening or harmful incidents that have occurred after his transfer to Dorm 10, even though he was there for seven months as of the date the complaint was filed. His general statements to Ms. VcKov expressing a desire to be moved don't, by themselves, give rise to a failure-to-protect claim. It is also unclear from the complaint that it was Ms. VcKov who denied his request for protective custody as his allegations pertaining to her are very brief. Defendants Watts and Cornett aren't mentioned in the narrative section of the complaint,

and there's no basis to infer a plausible deliberate indifference claim against these defendants.

For the reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Tony Garcia in his personal capacity on a claim for monetary damages for using excessive force against him in violation of the Eighth Amendment when moving him to Dorm 10 in March 2020;

(2) DISMISSES all other claims;

(3) DISMISSES Ken Watts, T. Cornett, and Amber VcKov as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Tony Garcia and to send him a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service;

(6) ORDERS Officer Garcia to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 7, 2020

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT